# Vappi & Co., Inc. *vs.* The Aetna Casualty & Surety Company.

Suffolk.   December 7, 1964. — February 2, 1965.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, & Reardon, JJ.

*Insurance,* Defence of proceeding against insured, General liability insurance, Contractor's insurance, Construction of policy.  *Contract,* Of indemnity.  *Words,* "Accident."

Under a provision in a general liability insurance policy requiring the insurer to defend "any suit against . . . [the insured] alleging . . . injury . . . [covered by the policy] even if such suit is groundless," the insurer's obligation to defend a proceeding against the insured was determined by the nature of the allegations made by the claimant therein.   [430]

In proceedings against a contractor doing construction work, an alleged claim for deprivation of access to adjacent property through the contractor's closing a passageway was not within the coverage of a general liability policy insuring the contractor against liability for "injury to . . . property . . . caused by accident," nor within an obligation of the insurer under the policy to defend a proceeding against the contractor "alleging such injury" [430]; but such obligation to defend was applicable to certain other alleged claims against the contractor which were based on negligence on his part causing water to flow onto the adjacent property and causing injury to buildings thereon by vibrations from trucks and equipment and which were stated in such terms that they could be regarded as asserting injury by "accident" not clearly within an exclusion from coverage in the policy of injury due to "grading," "excavation," "filling," and other specified activities [431–432].

In a "comprehensive general liability policy" insuring a contractor against liability for property damage "caused by accident," an exclusion from the coverage was to be strictly construed and any ambiguity therein resolved against the insurer; and the word "accident" was not to be narrowly construed.   [431, 432]

Contract.   Writ in the Superior Court dated January 23, 1963.

The action was heard by *Sgarzi,* J., without jury.

*Frank P. Hurley* for the defendant.

*Philip M. Cronin* for the plaintiff.

Vappi & Co. Inc. *v.* Aetna Casualty & Surety Co.

CUTTER, J.   The plaintiff (Vappi) seeks to recover, under the terms of an insurance policy issued by the defendant (Aetna), for legal fees and engineering services incurred by Vappi in defending proceedings against it.   The trial judge heard the case upon a statement of agreed facts, and ordered judgment for Vappi for $4,084.36.   Aetna appealed.

In 1957 and 1958, coverage B of liability policies issued by Aetna to Vappi required Aetna to pay all sums which Vappi "shall become legally obligated to pay as damages because of injury to . . . property . . . caused by accident." Aetna also undertook to defend "any suit against . . . [Vappi] alleging such injury . . . even if such suit is groundless" and to "pay all expenses incurred by . . . [Aetna and] all costs taxed against . . . [Vappi]." Among exclusions from this coverage was liability for "injury to . . . any property arising out of . . . structural injury to any . . . structure due (a) to grading of land, excavation . . . filling . . . pile driving . . . caisson work, or (b) to moving, shoring . . . raising or demolition of any . . . structure or removal or rebuilding of any structural support thereof."[1]   During the policy periods Vappi was building a women's residence for Boston University.   On June 19, 1958, one Iovine,[2] whose property abutted upon the construction site, brought a bill in equity against Vappi and the university, alleging that Vappi had wrongfully closed and excavated a sixteen foot passageway, which she was entitled to use for access to her land.   The bill alleged that Vappi's acts "resulted in . . . damage to . . . [Iovine's] land, building, and business" and prayed for an injunction and assessment of damages for the injury to Iovine's "land and building."   Vappi did not then notify Aetna of the equity suit.

---

[1] For convenience this provision is hereafter referred to as the excavation exclusion.

[2] Marjorie K. Iovine owned the land adjacent to the construction site. Marjorie Iovine, Inc., a corporation, was tenant at will of the premises. It was also a plaintiff in the equity suit hereinafter mentioned.

On February 9, 1961, the bill in equity was dismissed when reached for trial "on the basis that . . . [Iovine and the corporate plaintiff, see fn. 2] were no longer seeking relief under the original bill of complaint, but sought damages for alleged specific acts by Vappi." On the next day two actions at law against Vappi and the university were commenced. An action by Marjorie Iovine, Inc. (fn. 2) sought to recover loss of business profits caused by the boarding up and excavation of the passageway. An action by Iovine sought to recover for (a) withdrawal of water and soil from under her buildings and land causing them to settle, (b) some diversion of surface water onto her premises, and (c) damage to her land, buildings, and their foundations because of vibration from Vappi's use of trucks and heavy equipment close to her land.

Vappi in its answers in these actions asserted, among other matters, the defence of the statute of limitations. About this time Vappi notified Aetna of these actions and demanded that it defend them. At least as early as March 9, 1961, Aetna or its attorneys learned of the equity suit. Aetna agreed, after some correspondence, to defend certain counts, reserving the right to contend that the policies afforded no coverage.

Counsel for Iovine and her corporation then asserted "that he understood . . . when he consented to the dismissal of" the equity suit that "the defense of the [s]tatute of [l]imitations would not be raised." Vappi's counsel, without Aetna's assent, consented to a motion vacating the final decree. On April 25, 1961, Vappi (1) notified Aetna that the final decree had been vacated and that Iovine was seeking to amend the equity proceeding into an action at law, and (2) demanded that Aetna "handle . . . [the] motion to amend." Aetna declined to do this. The motion was allowed and later the equity suit was consolidated with a new action at law by Iovine against Vappi. Aetna thereafter took no part in the defence of proceedings brought by Iovine and her corporation. The defence was conducted by Vappi's own counsel. There was a verdict for the defend-

ants in the combined cases.  Vappi's present action is to recover the reasonable fees paid to its counsel and for certain engineering services in connection with the trial.

1.  Aetna, in its brief, argues principally that the allegations by Iovine and her corporation did not state any claim based on "accident" which, in view of the form of coverage B and the excavation exclusion, Aetna was bound to defend. Beyond the bare statement that Aetna did not waive "its rights arising from Vappi's delay . . . in notifying Aetna" of the equity suit and "from Vappi's revivifying of . . . [the] equity suit after . . . final decree," Aetna makes no argument based upon the procedure followed by Vappi and its counsel.  Under our rules, the absence of adequate supporting argument makes it unnecessary for us to consider any possible contentions by Aetna based upon the delay in giving notice or upon such procedure.  See Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698, as amended on November 5, 1962, 345 Mass. 787.[3]

2.  Aetna's obligation to defend is determined by the scope of the allegations made by Iovine and her corporation in the various proceedings.  See *Fessenden School, Inc.* v. *American Mut. Liab. Ins. Co.* 289 Mass. 124, 130; *Magoun* v. *Liberty Mut. Ins. Co.* 346 Mass. 677, 681–682.  No obligation to defend arose upon the original bill in equity which in substance merely asserted deprivation of access to the Iovine property as a result of Vappi's closing the passageway.  In 1961 when specific negligent acts by Vappi were asserted, Aetna's duty to defend did arise if the allegations

[3] Aetna also suggests, without supporting authority, that Vappi "is not . . . to be reimbursed for counsel . . . fees [and expenses] necessarily incurred" by Vappi to protect itself against claims not within coverage B. Under Rule 13, this contention is advanced too vaguely to require our consideration.  Relevant decisions indicate, however, that, until Aetna, during its defence of Vappi, narrowed the claims to those seeking "a recovery that the policy did not cover," Aetna was not relieved from its obligation to defend. See *Lee* v. *Aetna Cas. & Sur. Co.* 178 F. 2d 750, 753 (2d Cir.); *Christian* v. *Royal Ins. Co.* 185 Minn. 180, 182; *Globe Nav. Co.* v. *Maryland Cas. Co.* 39 Wash. 299, 305–306.  See also *Maryland Cas. Co.* v. *Moritz*, 138 S. W. 2d 1095, 1097 (Tex. Civ. App.); annotations, 41 A. L. R. 2d 434, 436–438, 49 A. L. R. 2d 694, 721.

were reasonably susceptible of the interpretation that they asserted injury to property caused by accident and of a type not within the excavation exclusion (fn. 1).

Paragraph 17, subpars. c and d, of the amended bill in equity, and counts 7 and 8 of the action at law in fact tried, alleged (a) negligence not with certainty limited to excavation activity of a type within the excavation exclusion, and (b) injuries and damage of a character not clearly confined to what had been caused otherwise than by accident.[4]  Exclusions from coverage are to be strictly construed.  See *Prince* v. *Equitable Safety Ins. Co.* 12 Gray, 527, 528–529; *Dole* v. *New England Mut. Marine Ins. Co.* 6 Allen, 373, 385–386; *MacArthur* v. *Massachusetts Hosp. Serv. Inc.* 343 Mass. 670, 672–674; *McNally* v. *American States Ins. Co.* 308 F. 2d 438, 445 (6th Cir.); Couch, Insurance 2d, §§ 15:92–15:94, 41:5, 41:374; Appleman, Insurance Law and Practice, §§ 7403, 7404.  Cf. *Davis* v. *Liberty Mut. Ins. Co.* 308 F. 2d 709, 710–711 (8th Cir.).  Any ambiguity in the somewhat complicated exclusions must be construed against the insurer.  See *Schroeder* v. *Federal Ins. Co.* 343 Mass. 472, 474–475; *J. D'Amico, Inc.* v. *Boston,* 345 Mass. 218, 224. The allegations, among other things, refer to injuries to land, buildings, and property caused by Vappi's negligence in failing to take precautions to prevent the diversion of surface water and harmful results from vibrations.  Under such allegations proof could be made of various acts and omissions by Vappi and of injuries which would not neces-

---

[4] Paragraph 17 of the amended bill asserts that Vappi "performed . . . negligent acts . . . which . . . caused . . . damages to the land, building, and business" of Iovine and her corporation, including, in subpar. c, "elevating the grade of the [university's] premises" which caused "surface waters . . . to flow onto . . . [Iovine's] premises," and, in subpar. d, Vappi's use of "innumerable heavy trucks and other heavy construction equipment so that the vibrations and impacts of said trucks and equipment . . . cause[d] movements, cracks, and tilting in the foundation and . . . superstructure of . . . [Iovine's] buildings."  Count 7 of the action with which the bill in equity was consolidated alleged, inter alia, that Vappi "was negligent . . . in not taking reasonable precautions to prevent . . . diversion of surface water upon . . . [Iovine's] premises," causing injury to Iovine's land, building, and improvements, resulting from raising the grade of the university's premises, and Count 8 alleged Vappi's negligence in failing to take precautions to prevent injury to Iovine's "land, building, and improvements" from the vibrations.

sarily be wholly within the excavation exclusion. See *Magoun* v. *Liberty Mut. Ins. Co.* 346 Mass. 677, 681–682.

The somewhat general allegations by Iovine and her corporation would also permit proof of injuries which could be regarded, under our decisions, as caused by accident. Unintended or unforeseen consequences of reckless or negligent acts, and even of intentional acts, at least if not undertaken "with malice or intent to injure" the person or property hurt (see the *D'Amico* case, 345 Mass. 218, 223–224), may be within the definition of "accident." See *Sheehan* v. *Goriansky*, 321 Mass. 200, 204–205; *New England Gas & Elec. Assn.* v. *Ocean Acc. & Guar. Corp. Ltd.* 330 Mass. 640, 651–655; *Nichols & Co. Inc.* v. *Travelers Ins. Co.* 343 Mass. 494, 497; Couch, Insurance 2d, §§ 41:6–41:24; Appleman, Insurance Law and Practice, § 4492. Cf. *Wrobel* v. *General Acc. Fire & Life Assur. Corp. Ltd.* 288 Mass. 206, 209, 210–211; *Bowen* v. *Lloyds Underwriters*, 339 Mass. 627, 629. Cf. also *Kuckenberg* v. *Hartford Acc. & Indem. Co.* 226 F. 2d 225, 226–227 (9th Cir.). This court will be slow to adopt any narrow construction of the term "accident" which will limit or defeat any coverage fairly intended to be given by a policy described by the insurer in such broad terms ("[c]omprehensive [g]eneral [l]iability [p]olicy") as was this policy. The *D'Amico* case recently reviewed the precedents and there is no occasion for repeating the discussion in that opinion.

Cases like *Smith* v. *Travelers Ins. Co.* 219 Mass. 147, and *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, relied upon by Aetna, were distinguished in the *New England Gas & Elec. Assn.* case, 330 Mass. 640, 651–652, on the ground that the coverage of the policy there considered "was not limited to accidental means as distinguished from accidental results." We need not now reconsider the cases (see annotation, 166 A. L. R. 469) thus distinguished, for the present coverage B includes "damages because of injury to . . . property . . . caused *by accident*" (emphasis supplied). The breadth of interpretation given to the term "accident" by Massachusetts cases makes it unnecessary to

deal with Federal cases and cases from other jurisdictions cited by Aetna.[5]

*Order for judgment affirmed.*

---

[5] Cf. e.g. *C. Y. Thomason Co.* v. *Lumbermens Mut. Cas. Co.* 183 F. 2d 729, 733 (4th Cir.); *Neale Constr. Co.* v. *United States Fid. & Guar. Co.* 199 F. 2d 591, 593 (10th Cir.); *American Cas. Co.* v. *Minnesota Farm Bureau Serv. Co.* 270 F. 2d 686, 690–692 (8th Cir.); *Albuquerque Gravel Prod. Co.* v. *American Employers Ins. Co.* 282 F. 2d 218, 220–221 (10th Cir.).