WILLIAM LANE & another *vs.* WORCESTER MUTUAL INSURANCE COMPANY. February 3, 1982. The insureds, William Lane and John J. Lane, appeal from a judgment which was entered in the insurer's favor pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

The insureds, owners of an apartment complex, impleaded their insurer on a complaint brought against them and their employee, a security officer at the complex, by a tenant. In his complaint, the tenant alleges that he was wrongfully arrested in his apartment by the security officer for assault and battery, that he was handcuffed and transported to a police station, and that the criminal charge against him was disposed of with the following notation having been made on the criminal complaint: "Dismissed on motion of Defendant re: arrest made without warrant after incident had ceased."

The insurer maintains that, while the security officer may not have intended the results of his actions, he intentionally arrested the tenant, cf. *Henderson* v. *Travelers Ins. Co.*, 262 Mass. 522 (1928), and, thus, as matter of law, the event was not an "occurrence" within the coverage of its comprehensive general liability and general liability policies. As defined by those policies, an occurrence is "an accident . . . which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

In construing the policies, we are mindful that "[t]he term 'accident' is to be broadly construed in a policy insuring against damage by accident." *Beacon Textiles Corp.* v. *Employers Mut. Liab. Ins. Co.*, 355 Mass. 643, 645 (1969). See *Vappi & Co.* v. *Aetna Cas. & Sur. Co.*, 348 Mass. 427, 432 (1965). There the court held: "unintended or unforeseen consequences of reckless or negligent acts, and even of intentional acts, at least if not undertaken 'with malice or intent to injure' the person or property hurt (see . . . [*J. D'Amico, Inc.* v. *Boston*], 345 Mass. 218, 223-224 [1965]), may be within the definition of 'accident.' See *Sheehan* v. *Goriansky*, 321 Mass. 200, 204-205 [1947]; *New England Gas & Elec. Assn.* v. *Ocean Acc. & Guar. Corp., Ltd.*, 330 Mass. 640, 651-655 [1953]; *Nichols & Co., Inc.* v. *Travelers Ins. Co.*, 343 Mass. 494, 497 [1962]; Couch, Insurance 2d §§ 41:6-41:24; Appleman, Insurance Law and Practice § 4492. Cf. *Wrobel* v. *General Acc. Fire & Life Underwriters*, 339 Mass. 627, 629 [1959]. Cf. also *Kuckenberg* v. *Hartford Acc. & Indem. Co.*, 226 F.2d 225, 226-227 (9th Cir. [1955]) . . . . Cases like . . . *Henderson* v. *Travelers Ins. Co.*, 262 Mass. 522 [1928] . . . were distinguished in the *New England Gas & Elec. Assn.* case, 330 Mass. 640, 651-652 [1953], on the ground that the coverage of the policy there considered 'was not limited to accidental means as distinguished from accidental results.'" *Vappi & Co.* v. *Aetna Cas. & Sur. Co.*, 348 Mass. at 432. Thus, an act committed intentionally but without malice or desire to injure can lead to accidental results. The tenant's complaint makes no allegation that the security officer acted maliciously, as opposed to wrongfully, or that he acted with the

intent to cause the tenant injury; indeed, the tenant's complaint appears to be based simply in tort for false arrest. See e.g., Prosser, Torts § 11 (4th ed. 1971). The parties have not argued whether the occurrence caused the tenant "bodily injury" within the meaning of the policies, and we conclude only that the insurer's definition of an "occurrence" does not limit the coverage of the policies to accidental means as distinguished from accidental results. Compare *Smith* v. *Travelers Ins. Co.*, 219 Mass. 147, 148 (1914).

The judgment is vacated, the order allowing the insurer's motion for summary judgment is reversed, and the matter is remanded to the Superior Court.

*So ordered.*

*Timothy R. Loff* for the plaintiffs.
*Edward P. Healy* for the defendant.