ADVANCE ELECTRIC, INC.,
Plaintiff-Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Defendant-Appellee.

No. 86–3923

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 3, 1987.

Paul J. Mirabile, Middleberg & Riddle, Metairie, La., for plaintiff-appellant.

Peter A. Feringa, Jr., Christoffer Friend, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendant-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Advance Electric appeals the grant of summary judgment for its insurer, United States Fidelity and Guaranty Co. Advance Electric argues that it should recover under its Special Multi-Peril Policy for costs incurred as a result of a fire that occurred while Advance Electric was repairing an electric motor for the Orleans Sewerage & Water Board. We are persuaded that Advance Electric's policy excluded coverage for such costs and affirm.

I

The parties do not dispute the facts. Advance Electric, Inc., contracted with the Sewerage and Water Board of New Orleans to rebuild an electric motor. The job required that Advance Electric heat varnish on the motor coils, under a tarpaulin; allow the motor to cool; remove the tarpaulin; and then replace the motor's housing.

The contract provided that Advance Electric was responsible for any damage during the progress of the work and for any damage by fire up to the time of acceptance of the contract. During the cooling phase, when no Advance Electric personnel were present on the job site, the tarp ignited, burning the varnish and the coils. Pursuant to the contract, Advance Electric repaired the fire damage and completed the job.

Advance Electric then sued its insurer, United States Fidelity and Guaranty Co., in state district court seeking damages under its Special Multi-Peril Policy for the costs incurred because of the fire. USF & G

removed the case to the United States District Court for the Eastern District of Louisiana and moved for summary judgment. Advance Electric then filed a cross-motion for summary judgment. After a hearing, the district court granted USF & G's motion and dismissed the suit. Advance Electric appeals.

## II

Advance Electric argues that USF & G should have reimbursed Advance Electric under the Special Multi-Peril Policy for the costs it incurred from the fire. The Special Multi-Peril Policy provides:

[USF & G] will pay on behalf of [Advance Electric] all sums which [Advance Electric] shall become legally obligated to pay as damages because of property damage to which this insurance applies. . . .

The Broad Form Comprehensive General Liability Endorsement states that the insurance does not apply

to that particular part of any property, not on premises owned by or rented to the insured,

(i) upon which operations are being performed by or on behalf of the *insured* at the time of the *property damage* arising out of such operations, or

(ii) out of which any *property damages* arises, or

(iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured.

The district court concluded that the fire occurred while Advance Electric was "performing operations" on the electric motor. Thus, the court denied Advance Electric's claim.

Advance Electric argues that it was not performing operations when the fire occurred because the fire occurred in the middle of the night while no Advance Electric personnel were on the site. However, Advance Electric concedes that the job was in progress when the fire occurred. The motor rebuilding job consisted of several stages, including heating the varnish on the coils, then allowing the coils to cool, and then replacing the motor housing. The fire occurred during the cooling stage. The job was not complete until the coils cooled and the motor housing was replaced.

Nonetheless, Advance Electric argues that, because its workers were not physically working on the motor and coils at the time of the fire, it was not performing operations. This argument forgets that the cooling stage is an essential part of the operation. We have found no Louisiana cases that have considered this particular question, but agree with the district court that the plain meaning of the term "performing operations" does not require constant human activity.

Advance Electric asserts that USF & G failed to offer any evidence that the damage arose from Advance Electric's operations. However, in its statement of uncontested facts, Advance Electric concedes that "[d]uring said job's cooling stage, the tarp ignited, burning the varnish and the coils." This admission made any proof of causation unnecessary. In short, we agree with the district court that the Special Multi-Peril Policy did not cover Advance Electric's claim.

## III

Advance Electric argues that, regardless, it was not performing operations upon the feeder cable and water cooler, which also were damaged in the fire, and that it is therefore entitled to $4,973.98 for their repair.

USF & G argues that Advance Electric is not entitled to these damages because it did not claim them in its original petition; that these damage claims were not before the district court and therefore are not before us.

Advance Electric counters that the record supports its claim for damages to the water cooler and feeder cable, noting that the affidavit of Barney Oufnac, Jr., the vice-president and chief executive officer of Advance Electric, and Advance Electric's Statement of Uncontested Material

Facts in Support of Plaintiff's Cross Motion for Summary Judgment, both included the $4,973.98 repair figure.

USF & G does not dispute these facts. However, it is not enough that Advance Electric claimed the water cooler and feeder cable damages as a part of its argument that operations were not "being performed" when the fire occurred. Advance Electric had to argue below that even if the costs for repairing the motor are not covered, the $4,973.98 for repairing the water cooler and feeder cable are covered. Because Advance Electric did not make this argument to the district court, we do not now consider it. *See Blanks v. Murco Drilling Corp.,* 766 F.2d 891, 897 (5th Cir. 1985).

AFFIRMED.