Aguiar, J.
This appeal raises the issue of whether the trial court erred in denying plaintiff’s motion for summary judgment and allowing defendant’s motion for summary judgment when the allegations contained in the complaint against plaintiff in the underlying tort action are specifically excluded from coverage under the terms and conditions of defendant’s policy of insurance with the plaintiff.
We find no error.
This is an action in which plaintiff alleges that the defendant breached its contractual obligation with plaintiff as defendant failed, refused and neglected to defend or indemnify plaintiff as a result of a civil action filed against plaintiff in the Dedham District Court entitled Norfolk and Dedham Mutual Fire Insurance Company v. Carlson Crafted Homes, Inc. (underlying tort action).
Plaintiff is engaged in the business of carpentry and was working on the property of Frank Risch, the insured of Norfolk and Dedham Mutual Fire Insurance Company. In its Complaint, as subrogee of its insured, Norfolk and Dedham specifically alleged that the damage to the Risch property was caused by plaintiff’s negligence and careless failure to cover the windows at the Risch residence while plaintiff was renovating the building. In addition, the Complaint alleges that Risch specifically hired plaintiff to perform the renovation work on the windows due to previous damage from salt and sand but despite this fact, plaintiff failed to protect the windows properly.
In the contract of insurance between plaintiff and defendant, there is an exclusion for property damage to “that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the ‘property damage’ arises out of those operations.” Defendant by way of letter advised plaintiff that defendant had no obligation to defend or indemnify plaintiff with regard to the allegations contained in the Complaint in the underlying tort action because the claims are specifically excluded by exclusion j.(5).
The question of the initial duty of a liability insurer to defend third party actions against the insured is decided by matching the third party complaint with the policy provisions; see Vappi and Co. v. Aetna Casualty & Surety Co., 348 Mass. 427 (1965); Macoun v. Liberty Mutual Ins. Co., 346 Mass. 677, 681-682 (1964).
When the allegations lie expressly outside the policy coverage and its purpose, the insurer is relieved of the duty to investigate. Terrio v. McDonough, 16 Mass. App. Ct. 163, 168 (1983).
Plaintiff contends there was a contract between the parties which was intended to provide coverage for negligence or alleged acts of negligence. Plaintiff further contends that it was negligent and that its negligence caused property damage to the windows and that under the terms of the policy the defendant had a duty to indemnify the plaintiff and to defend the plaintiff.
This contention would be valid if the negligence resulted in personal injury but that was not the case in this suit.
*209 Plaintiff further argues that the exclusion upon which defendant is relying does not apply because plaintiff was not performing the operation at the time of the loss.
The Court in Jet Lines Services, Inc. v. American Employers Insurance Co., & others, 404 Mass. 706 (1989) stated this restricted view is inconsistent with the position that Courts elsewhere have taken. The Court of Appeals for the 5th Circuit has held that operations were “being performed” within the meaning of the exclusion when one night, while a job was in progress but no employees of the insured were working a fire damaged an electric motor the insured was repairing. Advance Elect. Co., Inc. v. United States Fidelity and Guar. Co., 818 F 2d 378, 379 (5th Cir.) (1987).
The trial judge in his Memorandum and Order, ordered: “That the plaintiff, Carlson Crafted Homes Inc., take nothing, that the action be dismissed as to the defendant, Commercial Union Insurance Company (on the merits). He stated, T conclude that since the allegations of the Complaint of the underlying tort action are specifically excluded by the terms of the policy, there was neither a duty to defend nor a duty to indemnify. Since the complaint in the underlying action alleges negligence on the part of Carlson’s employees in failing to cover the windows, the conclusion is inescapable that the claim is specifically excluded from coverage. Inasmuch as there was neither a duty to defend or to indemnify, Counts II and III must fail also.” We agree with the trial judge.
The trial judge made a finding of fact that the allegations of the Complaint of the underlying tort action are specifically excluded by the terms of the policy.
Summary judgment shall be granted where there are no genuine issues as to any material facts and where the moving party is entitled to summary judgment as a matter of law. See Kourouvocilis v. General Motors Corp., 410 Mass. 706 (1991). That was the situation in this case.
For the foregoing reasons, the trial court correctly denied plaintiff’s motion for summary judgment on Count I of its Complaint and correctly granted defendant’s motion for summary judgment dismissing the plaintiff’s complaint and accordingly, the decision of the trial court is upheld and the appeal is dismissed.