Connolly, J.
This case arises out of an insurance policy dispute between the plaintiff, Suffolk Construction Company, Inc. (“Suffolk”), and the defendant Royal and SunAlliance Insurance Company (“Royal”) and the co-defendant, Liberty Mutual Insurance Company (“Liberty”). On March 19, 2001, Suffolk filed a claim against Royal and Liberty. On November 27, 2001, Royal moved for summary judgment against Suffolk and Suffolk filed a cross motion for summary judgment against Royal. For the following reasons, Royal’s motion for summary judgment is DENIED and Suffolk’s motion for summary judgment is ALLOWED.
BACKGROUND
I. Factual Background
The summary judgment record contains the following undisputed facts. Suffolk was the general contractor at a construction site known as “The Mall at Lafayette Place” at Downtown Crossing, Boston, Massachusetts. Component Assembly Systems, Inc. (“Component”) and S&F Concrete Contractors, Inc. (“S&F”) were subcontractors of Suffolk on that project. *296 Suffolk is an “additional insured” on Component’s insurance policy (“the policy”) issued by Royal. Suffolk is also an “additional insured” on S&F's insurance policy issued by Liberty.[2] On or about June 29, 1998, Arturo DeLuca (“DeLuca”), an employee of Component, was allegedly injured in an accident at the construction site.
II. Procedural Background
DeLuca brought a negligence action against Suffolk and S&F for the injuries he allegedly sustained in the accident. Arturo DeLuca v. Suffolk Construction Co., and S&F Concrete Contractors, Inc., C.A. No. 2000-00258J. Subsequently, Suffolk demanded coverage from Royal. Royal has refused to defend and indemnify Suffolk. Liberty offered to provide a defense under a reservation of rights to Suffolk, but then refused to pay the outstanding legal fees and costs incurred in the DeLuca case.
On March 19, 2001, Suffolk brought suit against Royal and Liberty seeking declaratory judgment against Royal (Count I), stating that Royal owes Suffolk a defense and indemnity in the action brought by DeLuca, and that Royal owes Suffolk the defense costs and attorneys fees incurred by the defense and prosecution of the DeLuca action and an amount to be determined by the Court; breach of contract by Royal (Count II), stating that Royal has failed to defend and indemnify Suffolk as an “additional insured”; declaratory judgment against Liberty (Count III), stating that Liberty owes Suffolk a defense and indemnity in the action brought by DeLuca and that Liberty owes Suffolk the defense costs and attorneys fees incurred by the defense and prosecution of the DeLuca action and an amount to be determined by the Court; breach of contract by Liberty (Count IV) by agreeing to defend Suffolk under reservation of rights and then failing to pay the defense costs incurred by Suffolk and by failing to indemnify Suffolk.
On November 27, 2001, Royal filed a motion for summary judgment against Suffolk arguing that the policy makes Suffolk a named insured only for claims in which Suffolk is vicariously liable for the conduct of Component and that DeLuca’s complaint asserts direct liability only.[3] On November 27, 2001, Suffolk filed a cross motion for summary judgment asserting that the facts alleged in DeLuca’s underlying complaint and the Royal policy clearly illustrate that Suffolk is an “additional insured” and is entitled to both defense and indemnity from Royal. For the following reasons, Royal’s motion for summary judgment is DENIED and Suffolk’s motion for summary judgment is ALLOWED.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713-14 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). A party moving for summary judgment has the burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976). In deciding a motion for summary judgment, the court views the facts in the light most favorable to the nonmoving party. G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
II. The Insurance Policy Between Component and Royal
The appropriate standard under which to evaluate the language contained in the policy is set forth by the First Circuit Court of Appeals in Merchants Insurance Company of New Hampshire, Inc. v. United States Fidelity and Guaranty Co., 143 F.3d 5, 9-10 (1st Cir. 1998). The Merchants case contains facts similar to those in the instant case. In Merchants, the general contractor entered into an agreement with its subcontractor requiring the subcontractor to list the general contractor as an “additional insured” on its own general liability policy. Id. at 6. The subcontractor subsequently purchased an insurance policy which contained almost identical language to the policy at bar. In Merchants, the policy listed the general contractor as an additional insured, “but only with respect to liability arising out of ‘your work’ for that added insured by or for you. ”[4] Id. at 7. As in the case at bar, when one of the subcontractor’s employees brought a suit against the general contractor alleging injuries as a direct and proximate result of the general contractor’s negligence, the subcontractor’s insurance company refused to indemnify and defend the general contractor. Id.
The court evaluated the language of the policy, specifically the meaning of the “arising out of your work” language, and established that the policy includes coverage for the general contractor where the complainant, the subcontractor’s employee, was working within the scope of his employment when he was injured. Id. at 9-10. The court held that the direct negligence claim against the general contractor triggered the insurance company’s duty to defend and indemnify the general contractor regardless of whether the injury was caused by the general contractor’s own negligence because the accident occurred as “a consequence of the work that [the subcontractor] was performing.” Id.
The court held that the phrase, “arising out of your work” triggers the insurance company’s duty to defend and indemnify the additional insured unless the policy is drafted “with qualifying language that expressly implements] [the] intention” that the general contractor is an “additional insured” only when it is vicariously liable. Id. at 10. Royal argues that the “vicarious liability” language contained in the contract expressly *297 limits coverage to claims for vicarious liability and that this additional language does not create ambiguity in the policy.[5] The “vicarious liability” provision, however, is inconsistent with the “arising out of your work” provision and does in fact create ambiguity in the policy. As it is drafted, the policy does not “expressly implement! 1 the intention” to limit coverage because it simultaneously triggers coverage under the “arising out of your work” provision, and limits coverage under the “vicarious liability” provision. Although Royal was free to redraft the policy so that it clearly demonstrated an intention to limit coverage, it did not. Rather, Royal simply added supplemental language, that while clear when read on its own, when read in conjunction with the first part of the contract, fails to expressly demonstrate an intent to limit coverage to vicarious liability.[6]
If there exist two or more rational interpretations of an insurance policy’s language, the ambiguity must be construed liberally in favor of the insured and against the insurer. Hakim v. Massachusetts Insurance Insolvency Fund, 424 Mass. 275, 281-82 (1997); SCA Services Inc. v. Transportation Insurance Co., 419 Mass. 528, 532 (1995). "This rule of construction applies with particular force to exclusionary provisions.” Hakim, supra, at 282. Exclusions from coverage are to be “ ‘strictly construed’ and any ambiguity in the exclusion ‘must be construed against the insurer.’ ” Id., quoting Vappi & Co., v. Aetna Cas. & Sur. Co., 348 Mass. 427, 431 (1965). Further, a court may consider the reasonable expectations of the insured. Id.
This court concludes that the policy is ambiguous and therefore must be construed in favor of Suffolk, the insured, and that Suffolk is entitled to the reasonable expectation that Royal defend and indemnify Suffolk. Because the policy does not limit Suffolk’s coverage only to claims in which Suffolk is vicariously liable for the conduct of Component, but rather entitles Suffolk to both a defense and indemnity from Royal, Royal’s motion for summary judgment is DENIED and Suffolk’s motion for summary judgment as to Counts I and II is ALLOWED.[7]
ORDER
For the foregoing reasons, it is hereby ORDERED that Royal’s motion for summary judgment be and hereby is DENIED and Suffolk’s motion for summary judgment as to Counts I and II is ALLOWED.

 For purposes of this summary judgment, S&F insurance policy is not relevant.

 In Liberty's opposition to Royal's motion for summary judgment. Liberty argues that DeLuca’s complaint does not amount to a direct suit against Suffolk, but rather, is a vicarious liability suit. It appears to be reasonably clear to this court from the summary judgment record that DeLuca’s suit amounts to a direct liability claim and not a vicarious liability claim. Notwithstanding, such a determination is not necessary for the purposes of the parties’ summary judgment motions, however, because the result would not be affected even if the facts establish a direct claim against Suffolk.

 The relevant provision in the policy in this case provides that Suffolk “is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured.”

 The relevant provision states that the policy covers Suffolk “only for vicarious liability arising solely out of the scope of the work as defined in the contract between our insured and this additional insured and performed by our named insured. This endorsement does not provide coverage for any acts or omissions of this additional insured or this additional insured’s employees or any other person or organization with which the additional insured has a contract.”

 The contract between Suffolk and Component required Component to obtain direct coverage for Suffolk. The court notes that the policy is virtually meaningless if it is construed to limit coverage to Suffolk’s vicarious liability. If the policy were construed to limit liability as Royal proposes, the court cannot imagine a situation in which the policy would protect Suffolk.

 Suffolk also asserts two claims against Liberty: a declaratory judgment action against Liberty and a breach of contract action by Liberty in Counts III and IV respectively. Suffolk asserted these claims pursuant to the Declaratory Judgment statute, in the event that there would be an allocation of costs between Liberty and Royal. The court has allowed Suffolk’s motion for summary judgment as to Count I and II against Royal, and therefore, the court need not address Counts III and IV of the complaint.