Hillman, J.
This matter comes before this Court on the defendant’s motion for summary judgment. The defendant, The Commerce Insurance Company (“Commerce”), contends that, pursuant to an insurance policy between itself and the plaintiff, it has no duty to defend the plaintiff. Conversely, the plaintiff, Wagner Brothers, Inc. (“Wagner”), and the interested parties, George A. Stowe and Carolyn Stowe (“the Stowes”), maintain that Commerce should defend and indemnify Wagner for any and all damages for which Wagner may be deemed liable to the Stowes. For the reasons set forth below, the defendant’s motion for summary judgment is allowed.

*477
BACKGROUND

The following material facts are undisputed, based on the record compiled for this summary judgment motion.
On or about December 5, 1997, Wagner attempted to unblock the Stowes’ oil line by using C02 charges and thereby caused oil to leak from the line and enter the Stowes’ land, underground water, and well. The Stowes then brought suit against Wagner under the theories of negligence, trespass, and private nuisance.
Wagner subsequently notified its insurer, Commerce, of the Stowes’ claims. However, Commerce refused to defend Wagner in the action, on grounds that Wagner’s insurance policy with Commerce, entitled Commercial Lines Policy (“Policy”), excludes from coverage the damage done to the oil line. Commerce specifically relied on a clause entitled “Total Pollution Exclusion Endorsement”[2] contained in the Policy. Thereafter, Wagner filed a declaratory action against Commerce to determine the parties’ rights and obligations under the Policy.

DISCUSSION

1. Standard
Summary judgment is appropriate and should be granted “If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); see Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community Nat. Bank v. Dawes, 369 Mass. 550, 553-55 (1976). The moving party bears the burden of showing the lack of a triable factual issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof at trial, that party may prevail by submitting “affirmative evidence negating an essential element” of the non-moving party’s claim or “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); see Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716(1991). To defeat a motion for summary judgment, the opposing party must provide evidence of specific facts that establish the existence of a factual dispute. See Pederson, 404 Mass. at 17.
2. Pollution Exclusion Clause
Commerce contends that the “Total Pollution Exclusion Endorsement” bars coverage, thus it has no duty to defend Wagner. In opposition, Wagner and the Stowes maintain that the exclusion does not bar coverage on grounds that a reasonably intelligent insured would not expect “property damage” to include trespass or nuisance.
It is settled in this jurisdiction, and generally elsewhere, that the question of the initial duty of a liability insurer to defend third-party actions against the insured is decided by matching the third-party complaint with the policy provisions: if the allegations of the complaint are “reasonably susceptible” of an interpretation that they state or adumbrate a claim covered by policy terms, the insurer must undertake the defense.
Sterilite Corp. v. Continental Cas. Co., 17 Mass.App.Ct. 316, 318 (1983), rev’d on other grounds (citations omitted); see Vappi & Co., Inc. v. Aetna Cas. & Sur. Co., 348 Mass. 427, 431 (1965) (stating that the insurer’s obligation to defend is “determined by the scope of the allegations made by [the third party]"). If the insured proves coverage, the burden then shifts to the insurer to prove that an exclusion applies. See Camp Dresser & McKee, Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 321 (1991); see also Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 231 (1997) (stating “where the exception is in another separate and distinct clause of the . . . contract defining . . . the duty or obligation, then the burden is upon the party relying on such exception” (quoting Murray v. Continental Ins. Co., 313 Mass. 557, 563 (1943))); Markline Co. v. Travelers Ins. Co., 384 Mass. 139, 140 (1981).
The interpretation of language within an insurance contract is a question of law. See Affiliated FM Ins. Co. v. Constitution Reinsurance Corp., 416 Mass. 839, 842 (1994); Cod v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982). “When construing language in an insurance policy, [the court] ‘consider[s] what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.’ ” Atlantic Mut. Ins. Co. v. McFadden, 413 Mass. 90, 92 (1992) (quoting Hazen Paper Co. v. United States Fidelity & Guar. Co., 407 Mass 689, 700 (1990)). Ambiguity exists in an insurance contract when the language contained therein is “susceptible of more than one meaning,” Jefferson Ins. Co. of New York v. City of Holyoke, 23 Mass.App.Ct. 472, 474 (1987), “not . . . simply because a controversy exists between the parties, each favoring an interpretation contrary to the other.” Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998) (quoting Lumbermens Mut. Cas. Co. v. Offices Unlimited, Inc., 419 Mass. 462, 466 (1995)). The court interprets ambiguities against the insurer, see Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281-82 (1997); Nashua Corp. v. First State Ins. Co., 420 Mass 196, 200 (1995); Bates v. John Hancock Mut. Life Ins. Co., 6 Mass.App.Ct. 823, 823 (1978), as well as exclusionary clauses. See Hakim, 424 Mass. at 282; Vappi & Co., 348 Mass. at 431. Moreover, when interpreting exclusionary clauses this jurisdiction has stated:
[t]he phrase “arising out of’ must be read expansively, incorporating a greater range of causation than that encompassed by proximate cause under tort law. Indeed, cases interpreting the phrase “arising out of’ in insurance exclusionary provisions suggest a causation more analogous to “but for” *478 causation, in which the court examining the exclusion inquires whether there would have been personal injuries, and a basis for the plaintiffs suit, in the absence of the objectionable underlying conduct.
Bagley v. Monticello Ins. Co., 430 Mass. 454, 457 (1999) (citations omitted); see Risehitelli v. Safety Ins. Co., 423 Mass. 703, 704 (1996) (stating that “the expression ‘arising out of indicates a wider range of causation than the concept of proximate causation in tort law”); New England Mut. Life Ins. Co. v. Liberty Mut. Ins. Co., 40 Mass.App.Ct. 722, 724 (1996) (“When [the arising out of] language is read in its ordinary and usual sense, there is nothing therein to suggest that the exclusion applies only to those claims for personal injury based on a direct causal relationship between a violation of a statute and the personal injury suffered”).
In the instant action, the Policy defines pollutants as “any . . . liquid . . . irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste.” Based upon this definition, oil is clearly a pollutant. The Policy further states that it bars coverage for property damage resulting from the discharge or escape of pollutants and for any “loss, cost, or expense arising out of any . . . [rjequest, demand or order that any insured ... in any way respond to, or assess the effects of pollutants.” Reading the exclusion clause as an objectively reasonable insured, the Policy unambiguously excludes from coverage any damage to property resulting from the discharge or escape of oil. Moreover, this Court finds unpersuasive the Wagner’s and the Stowes’ contention that the private nuisance and trespass counts are not barred as they pertain to interference with property rights, rather than specific property. Expansively reading the “arising from” language set forth in the pollution exclusion, the private nuisance and trespass to the Stowes’ property would not have occurred but for the underlying damage to the property. Consequently, both of these claims fall under the purview of the pollution exclusion. Accordingly, Wagner’s policy fails to cover any damage to the Stowes’ property from oil discharged.
Therefore, this Court finds that the pollution exclusion set forth in the Policy unambiguously excludes coverage, thus Commerce has no duty to indemnify or defend Wagner against the claims brought by the Stowes.

ORDER

Therefore, for the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be ALLOWED.

 This clause states:
This insurance does not apply to:
f. (1) “Bodily injury" or “property damage” which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.
(2) Any loss, cost or expense arising out of any:
(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or
(b) Claim or “suit” by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.
Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.