426 Mass. 379 (1998)                                    379

Citation Insurance Company v. Gomez; ISU Anderson and Baker Insurance Services, Inc.

CITATION INSURANCE COMPANY vs. BRENDA GOMEZ & others[1];
ISU ANDERSON AND BAKER INSURANCE SERVICES, INC.,
third-party defendant.

Essex. December 2, 1997. - January 6, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Insurance,* Homeowner's insurance, Construction of policy, Insurer's obliga-
tion to defend. *Contract,* Insurance. *Words,* "Vacant land."

Certain real property on which stood abandoned structures was not "vacant
land" within the meaning of a policy of liability insurance, with the result
that it was not an "insured location" under the policy. [381-382]

CIVIL ACTION commenced in the Superior Court Department on
August 28, 1995.

The case was heard by *Judith Fabricant,* J., on motions for
summary judgment, and entry of separate and final judgment
was ordered by *Peter F. Brady,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*John G. Ryan* (*Edward M. Joyce, Jr.,* with him) for the
plaintiff.

*Thomas J. Delaney* for Brenda Gomez & others.

ABRAMS, J. The plaintiff, Citation Insurance Company (Cita-
tion), filed a complaint in the Superior Court seeking a declara-
tion that it has no duty to defend and indemnify its insureds, the
defendants Brenda and Roger Gomez, for losses asserted by a
minor who was injured while playing on an abandoned structure
on the Gomezes' land. See G. L. c. 231A. On cross motions for
summary judgment the Superior Court judge allowed the Go-
mezes' motion for summary judgment and denied Citation's
cross motion, declaring that the insurance policy was ambigu-
ous and therefore must be construed against Citation, the insurer.

[1]Roger Gomez and John Provencher, father and next friend of Kristine
Provencher.

We allowed Citation's application for direct appellate review. We conclude that the Gomez land was not vacant and therefore the policy does not cover the subject property. We reverse.

The facts are not in dispute. Brenda Gomez has owned the subject property, consisting of about 175,000 square feet of land in Swampscott, since her mother's death in 1992. At one time, Brenda Gomez's father built on the property a small concrete bunker with a radio tower for use in his trucking business. The area of the bunker is about one hundred square feet. The property, including the bunker and tower, had been abandoned and unused since the late 1960s.

In March, 1995, a minor was injured while playing on the subject property. She put her left index finger through a padlock hole on the door to the bunker. Her friend suddenly pushed the door open, severing the finger. Through her father, she sued the friend and Brenda and Roger Gomez in the Superior Court in Essex County. That lawsuit is still pending. Citation has been defending the Gomezes under a reservation of rights.

The Gomezes hold a homeowner's policy, issued by Citation, for the period from October 16, 1994, through October 16, 1995. That policy provides liability coverage for injuries arising out of an "[i]nsured location," which is defined in the policy to include, among other things not relevant here, "[v]acant land, other than farm land, owned by or rented to an 'insured.' " The term "vacant" is not defined in the policy. If the land is vacant within the meaning of the policy, it is an insured location and Citation has a duty to defend and indemnify the Gomezes in the minor's lawsuit and to indemnify them if they are found liable. Otherwise, Citation has no such duty.

In deciding the cross motions for summary judgment, the motion judge determined that reasonably intelligent persons could differ as to the meaning of the term "vacant land." Relying on dictionary definitions and case law from several jurisdictions, the judge reasoned that "vacant land" could mean either land that has no structures or improvements, or land that is unoccupied or unused. Because the latter definition, which includes the subject property, was more favorable to the insureds, the judge concluded that it was the proper one and that the subject property was an insured location. The judge therefore allowed the Gomezes' motion for summary judgment, denied Citation's cross motion, and declared that Citation had a duty to defend and indemnify the Gomezes.

Interpretation of an insurance policy is no different from interpretation of any other contract. *Hakim* v. *Massachusetts Insurers' Insolvency Fund*, 424 Mass. 275, 280 (1997). If there is no ambiguity, we "construe the words of the policy in their usual and ordinary sense." *Id.*, citing *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982). When the language of an insurance contract is ambiguous, we interpret it in the way most favorable to the insured. *Hakim, supra* at 281-282. "However, an ambiguity is not created simply because a controversy exists between the parties, each favoring an interpretation contrary to the other." *Lumbermens Mut. Cas. Co.* v. *Offices Unlimited, Inc.*, 419 Mass. 462, 466 (1995), citing *Jefferson Ins. Co.* v. *Holyoke*, 23 Mass. App. Ct. 472, 475 (1987). Nor does the mere existence of multiple dictionary definitions of a word, without more, suffice to create an ambiguity, for most words have multiple definitions. A term is ambiguous only if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one. *Jefferson Ins. Co., supra* at 474-475, citing *Ober* v. *National Cas. Co.*, 318 Mass. 27, 30 (1945).

The term at issue in this policy is "vacant land." The Gomezes argue that, because the term could refer to land that is unoccupied or unused, as well as land without a structure, the judge correctly allowed their motion for summary judgment. We do not agree. Although this may be the meaning of "vacant" in some contexts, when land is described as vacant, this ordinarily means that there is no structure or building on it. A reasonably intelligent person would understand the term "vacant land" to mean land that is free of permanently affixed structures and would conclude that a lot of land with an abandoned building on it is not vacant. A majority of jurisdictions interpreting the term "vacant land" in an insurance policy have adopted this view.[2] See *Cotton States Mut. Ins. Co.* v. *Smelcer*, 212 Ga. App. 376, 377-378 (1994) (land containing a permanently affixed abandoned structure not vacant); *Foret* v. *Louisiana Farm Bureau Cas. Ins. Co.*, 582 So. 2d 989, 990 (La. Ct. App. 1991)

---

[2] The cases cited by the Gomezes to support their contention are not to the contrary. In *DeLisa* v. *Amica Mut. Ins. Co.*, 59 A.D.2d 380 (N.Y. 1977), the property contained a naturally occurring cave with a gate at its entrance and a platform and ladder inside. In *Fort Worth Lloyds* v. *Garza*, 527 S.W.2d 195 (Tex. Civ. App. 1975), the land contained an irrigation pump. In neither case was there a building on the land. We are aware of no case holding that land with a building on it is vacant within the meaning of an insurance policy.

(" '[v]acant' is . . . not synonymous with 'uninhabited' "); *Dawson* v. *Dawson*, 841 P.2d 749, 751 (Utah Ct. App. 1992) (land is not vacant where it has structures that do not appear naturally). See also *Bianchi* v. *Westfield Ins. Co.*, 191 Cal. App. 3d 287, 293 (1987) ("beneficial use *or improvement* of untenanted land renders it nonvacant, *particularly if the use has accompanied the introduction of artificial structures*" [emphasis added]).

A policy that excludes land with an abandoned structure represents reasonable risk assessment and management by an insurer. As the incident underlying this case shows, an abandoned structure may present serious risks that unimproved land does not. A rational insurer could therefore decide to exclude abandoned structures from a homeowner's policy or to insure such structures by charging an additional premium. See *Cotton States Mut. Ins. Co.*, *supra* at 377.

We conclude that the subject property is not "vacant land" within the meaning of the policy. Therefore it is not an "insured location" within the meaning of the policy. Citation therefore has no duty to defend and indemnify the Gomezes in the minor's lawsuit. This matter is remanded to the Superior Court for entry of a judgment declaring that Citation has no duty to defend and indemnify the Gomezes.

*So ordered.*