Donovan, J.
This case arises out of plaintiffs’, Palmer and Dewitt Davenport as trustees of the Davenport Building Company Trust (Trustees), claim that United States Fidelity and Guaranty Co. (“USF&G”) has an obligation to its bankrupt insured, Stephen T. Morin (“Morin”), under his liability policies, to pay the Trustees’ $51,527.57 pursuant to a judgment against Morin.[1] Both parties filed motions for summary judgment, pursuant to Mass.R.Civ.P. 56. The Trustees claim that USF&G is bound, under their liability policies to pay their execution. USF&G argues there is no obligation because the claim on which the Trustees prevailed against Morin, USF&G’s insured, was excluded from the liability policies’ coverage. For the reasons set forth below, the Trustees’ motion is DENIED. USF&G’s motion is ALLOWED.
BACKGROUND
On June 23, 1994, plaintiffs entered into an agreement with Morin to paint the exterior of a house located at 79 Claypit Road, Wayland, MA (“house”). Morin painted the house, but failed to apply a coat of primer before applying the final coat of exterior paint. In the spring of 1995 the paint began to peel because of Morin’s failure to apply the primer. On June 27, 1997, the Trustees recovered judgment in the amount of $41,182.02 plus interests and costs against Morin. On September 19, 1997, an execution issued in the amount of $51,527.57 against Morin. On March 21, 1996, USF&G notified Morin that they did not intend to cover his claim under his liability policy.
DISCUSSION
Summary judgment will be granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party demonstrates the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
Insurance contracts generally are interpreted in the same manner and under the same rules as other contracts. Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998). If there is no ambiguity, the court will construe the words of the policy in their usual and ordinary sense. Id. When the language in an insurance contract is ambiguous, the court will interpret it in the way most favorable to the insured. Id. An ambiguity, however, is not created simply because a controversy exists between the parties, each favoring an interpretation contrary to the other. Id. Likewise, the mere existence of multiple dictionary definitions of a word, without more, does not suffice to create an ambiguity, because most words have several definitions. Id.
USF&G argues there are specific exclusions which apply to the Trustees’ claims based on Morin’s failure to prime the house before applying the paint. In contrast the Trustees claim the exclusion provisions of USF&G’s insurance policy under paragraphs 2n, 2o, and 2p either do not apply or are ambiguous, and such provisions should be construed against USF&G. Paragraph 2 of the liability coverage lists the exclusions to which the policy does not apply. The provisions in dispute provide in pertinent part;
2.n. “Property damage” to “your work” arising out of it or any part of it and included in the “products completed-operations hazard.” . . .
*96 o. “Property damage” to “impaired property” or property that has not been physically injured, arising out of:
(1) A defect, deficiency, inadequacy or dangerous condition in “your product” or “your work”; or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical Injury to “your product” or your work" after it has been put to its intended use.
p. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
(1) “Your product”;
(2) “Your work”; or
(3) “Impaired property” . . .
The Trustees argue Paragraph 2n excludes insurance coverage “to Morin’s work” but not to other property such as the house. They rely on the definition of products completed-operation hazard in the definitions listed in Section V.[2] When Paragraph 2n is read with the definitions in Section V the Trustees interpretation is incorrect. Property damage is physical injury to tangible property; to your work is work performed by you; and products completed-operations hazards include property damage arising from your work. Such is the case at bar. There is physical injury to tangible property from work performed by Morin.
Paragraph 2o excludes coverage for property that has not been physically injured arising out of a deficiency in work performed by Morin. The paint peeled because of the failure to apply a primer.
The Trustees seek coverage for damages claimed for the cost or expense incurred to repair or remove the paint as a result of Morin’s work. Paragraph 2p excludes coverage for this claim.
In addition to the foregoing exclusions Paragraph 21 excludes from coverage property damage to the following:
(4) that particular part of real property on which you . . . working directly . . . are performing operations, if the “property damage” arises out of those operations; or
(5) that particular part of any property that must be restored, repaired or replaced because “your work” was incorrectly performed on it.
Would a reasonable insured, reading the language of the policy, expect to be covered after reading these exclusions? I think not.
It is not in dispute the paint peeled because of the lack of a primer. The property damage arises out of Morin’s operations; the painting of the house. The Trustees incurred a substantial expense to repair the work performed incorrectly by Morin. It is a basic principle that “exclusion clauses subtract from coverage rather than grant it.” Donovan v. Commercial Union Insurance Company, 44 Mass.App.Ct. 596, 602 (1998) (citations omitted).
At oral argument, the Trustees argued the peeling paint was covered by the insurance policy’s provisions on property damage. They rely on the holding in Continental Gas Co. v. Gilbane Bldg. Co., 391 Mass. 143 (1984). The Court stated “property damage” within the meaning of a comprehensive general liability policy does not require actual physical damage if tangible property is not physically damaged but is made useless by an act of the insured.[3] In such situations, the liability policy will cover the insured’s liability, assuming no specific exclusion applies. Id. at 147-48. Continental Gas Co., is distinguishable from the case at bar. In Continental Gas Co., the negligent construction and design of a building by a general contractor and a subcontractor resulted in the loss of use of the plaintiffs building. The loss of use of the building suffered by the plaintiff rendered the building useless.
In the case at bar, Morin’s negligence in failing to prime the house did not render the use of the house or the property value useless. The “economic loss incident to inability to exploit . . . available property profitably is not within the scope of property damage coverage.” Smartfoods, Inc. v. Northbrook Property & Casualty Co., 35 Mass.App.Ct. 239, 243 (1993) (citations omitted). Thus, the holding of Colonial Gas Co., does not apply to the case at bar.
This case is analogous to the holding in Lusalon Inc. v. Harford Acc. and Indem. Co., 400 Mass. 767 (1987). There the paint peeled from the building because the masonry subcontractor failed to properly remove mortar splattered on doors and window frames. Id. at 769. The comprehensive general liability exclusion while not written exactly as this policy is sufficiently similar to warrant the same result precluding recovery because of the exclusion for poor workmanship. Id. at 770-71.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff s cross motion for summary judgment be DENIED. It is further ORDERED that summary judgement in favor of defendant be ALLOWED.

 Morin filed for bankruptcy.

“Products-completed operations hazard” includes all . . .’property damage’ occurring away from premises you own or rent and arising out of “your product” or “your work” except:
(1) Products that are still in your physical possession; or
(2) Work that has not yet been completed or abandoned."

Plaintiffs submitted this case to this Court during the motion hearing and made no mention of it in their brief.