Kern, Leila R., J.
The plaintiff, Thomas McGregor, filed this action for declaratory judgment and breach *410 of contract against the defendant, Allamerica Insurance Company. McGregor seeks coverage from Allamerica for property damage and cleanup costs associated with a discharge of oil. The matter is before this court on Allamerica’s Motion for Summary Judgment and McGregor’s Cross Motion for Summary Judgment. Both parties assert that there are no material facts for trial and coverage of the underlying claim can be determined from the language of the commercial general liability insurance policy as a matter of law. For the reasons set forth below, Allamerica’s Motion for Summary Judgment is DENIED and McGregor’s Cross Motion for Summary Judgment is ALLOWED.

BACKGROUND

The following are the undisputed material facts from the summary judgment record.
McGregor is in the business of installing and servicing oil burners and heating equipment for residential properties. Allamerica issued McGregor a commercial general liability insurance policy, with effective dates from September 22, 2000 to September 22, 2001.
On or about December 21, 1994, McGregor installed a new oil burner and heating system in the basement of property owned by Peter and Susan Staecker. In February 2001, the Staeckers discovered that the oil supply tank was empty and that there was a leak in the oil supply line, causing the contents of the oil tank to run into the ground. On or about February 13, 2001, the Massachusetts Department of Environmental Protection issued a Notice of Responsibility to the Staeckers, based on the “release or threat of release of oil and/or hazardous material.” The Notice directed the Staeckers to undertake the assessment, containment and remediation of the environmental contamination caused by the oil leak.
On or about July 18, 2002, Merrimack Mutual Fire Insurance Company and Liberty Mutual Insurance Company, as subrogees of the Staeckers, brought an action against McGregor alleging that McGregor negligently installed the oil burner causing oil to leak into the ground. The suit sought recovery from McGregor of the costs of the cleanup.
McGregor notified Allamerica of the Staeckers’ claim. Allamerica refused to defend McGregor, asserting that the “Total Pollution Exclusion With A Building Heating Equipment Exception And A Hostile Fire Exception” endorsement put the claim outside of the losses covered by the policy. Thereafter, McGregor filed this declaratoiy action against Allamerica to determine the parties’ rights and obligations under the policy.

DISCUSSION

This court grants summary judgment when there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of establishing both that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by either submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the moving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
The issue raised by the motions for summary judgment is whether the spill of oil at the Staeckers’ home falls within the Total Pollution Exclusion of the policy. Allamerica contends that the Total Pollution Exclusion endorsement bars coverage, thus it had no duty to defend McGregor. In opposition, McGregor maintains that the exclusion does not bar coverage on the grounds that an objectively reasonable insured would not expect a disclaimer of coverage for damages caused by a broken oil burner.
The interpretation of language within an insurance contract is a question of law for the court. See Affiliated FM Ins. Co. v. Constitution Reinsurance Corp., 416 Mass. 839, 842 (1994); Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982). When faced with such issues, the court’s interpretation of the policy is governed by common-law rules of contract construction. See Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1988); Sherman v. Employer’s Liab. Assurance Corp., 343 Mass. 354, 357 (1961). “When construing language in an insurance policy, [courts] ‘consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.’ ” Atlantic Mut. Ins. Co. v. McFadden, 413 Mass. 90, 92 (1992) (quoting Hazen Paper Co. v. United States Fid. & Guar. Co., 407 Mass. 689, 700 (1990)).
When an insurance contract is deemed ambiguous, Massachusetts courts interpret it in a manner most favorable to the insured. See Citation Ins. Co., 426 Mass. at 381. Further, Massachusetts courts generally define ambiguity as the presentation of more than one meaning to a contract term which reasonable people would interpret differently. Id. at 381. If there is not ambiguity presented in the policy language, the court views the words in their ordinary sense. See Hakim v. Massachusetts Insurers Insolvency Fund, 424 Mass. 275 (1997).
The Total Pollution Exclusion, which is the principal subject of this controversy, reads in pertinent part as follows:
This insurance does not apply to:
F. Pollution
*411 1) “Bodily injury” or “property damage” which would not have occurred in whole or part but for the actual alleged or threatened discharge, dispersal, seepage, migration, release or escape of “pollutants” at any time.
****
2) Any loss, cost or expense arising out of any:
a) Request, demand, order of statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of “pollutants”; or
b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, “pollutants.”
The policy defines “pollutants” as “any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.”
The Supreme Judicial Court interpreted total pollution exclusion language substantially similar to that involved here in both McFadden and Gill In Atlantic Mutual Ins. Co. v. McFadden, 413 Mass. 90 (1992), the insurer alleged that a pollution exclusion provision excused its duty to defend or indemnify its insured against an action for damages arising out of the lead poisoning of children on private property leased by the insured. The court held that the pollution exclusion provision did not excuse coverage for the underlying claims. Id. at 92. In making this determination, the court considered what a reasonable insured could have understood the exclusion to mean and concluded that although an insured could have understood the exclusion to apply to certain injuries, the reasonable insured would not have concluded that coverage was excluded for personal injury caused by the presence of lead paint in the house. Id.
In Western Alliance Ins. Co. v. Gill 426 Mass. 115, 120-21 (1997), the court held that a pollution exclusion clause did not exclude coverage for personal injuries resulting from exposure to carbon monoxide gas from a malfunctioning restaurant oven. The court stated:
The exclusion should not reflexively be applied to accidents arising during the course of normal business activities simply because they involve a “discharge, dispersal, release or escape” of an “irritant or contaminant.”
Id. at 118. In reaching its conclusion, the court discussed a number of nationwide cases that found that an “objectively reasonable insured reading the language of a typical pollution exclusion, would not expect a disclaimer of coverage for . . . mishaps even though they involve ‘discharges,’ ‘dispersals,’ ‘releases,’ and ‘escapes’ of ‘contaminants’ and ‘irritants.’ ” Id. at 120. The court stated that the “common thread” between those decisions were that they “[a] 11 involve injuries resulting from eveiyday activities gone slightly, but not surprisingly, awry.” Id. at 119.
In E. Cas. Ins. Co. v. The Home Store, Inc., Civil No. 5323 (Middlesex Super.Ct. May 20, 2005) (Gailey, J.) (19 Mass. L. Rptr. 363), a case factually similar to the case at bar, the insured installed an oil-fired heating system in a private residence. A valve in the oil-fired heating system failed and oil leaked onto the basement floor of the home, and eventually into the underlying soil, causing significant property damage. The insurance company asserted that it properly denied coverage for the claim because of the total pollution exclusion provision contained within the policy. The court stated that “critical to whether the exclusion applies is the context in which the damages occur.” The court applied the reasoning of McFadden and Gill and rejected the insurance company’s claim that the pollution exclusion provision eliminated its obligation to defend and indemnify the defendant from the homeowners’ claim. The court stated that “an objectively reasonable insured, reading the language of the pollution exclusion, would not expect a disclaimer of coverage for damages caused by a broken home furnace.”
This court finds the reasoning employed in Home Store persuasive.[1] In the instant case, the leak in the oil burner was an isolated accident, in a private residence, that arose during the course of McGregor’s normal business activities. The damages resulted from McGregor’s activities “gone slightly, but not surprisingly, awry.” As stated in Home Store, the damages “did not involve pollution in an industrial context, or a discharge of oil or other contaminants into the ground as part of [McGregor’s] industrial process.” Rather, the damages involved a broken oil-burner. This court finds that an objectively reasonable insured, reading the language of the pollution exclusion, would not expect a disclaimer of coverage for damages caused by a broken oil burner. Accordingly, the Total Pollution Exclusion did not relieve Allamerica of its obligation to defend and indemnify McGregor from the underlying claims in this case.

ORDER

For the foregoing reasons, Allamerica’s Motion for Summary Judgment is DENIED and McGregor’s Cross Motion for Summary Judgment is ALLOWED.

 Athough the facts of Wagner Bros., Inc. v. The Commerce Ins. Co., Civil No. 20001575 [Worcester Super.Ct. March 22, 2002) (Hillman, J.) (14 Mass. L. Rptr. 476), are also similar to the instant case, this court finds the reasoning in Home Store, with its reliance on McFadden and Gill, more persuasive.