Rufo, Robert C., J.
Charles Marino (“Marino”) brings a breach of contract action against Highland Medical Center (“Highland”) for terminating his employment on January 28, 2005 without cause. Marino contends that his September 24, 2003 Memorandum of Understanding (“MOU”) with Highland created a binding employment contract for a term of five years, not due to expire until November 1, 2008. Highland has moved for summary judgment, arguing that the MOU only created an at-will employment relationship, or alternatively, if the MOU created an employment relationship for a term of five years, Highland had just cause to terminate Marino.[1] For the following reasons, Highland’s Motion for Summary Judgment is DENIED.
BACKGROUND
Marino has been a podiatrist since before the early 1970s. Highland was a medical practice located in Braintree, Massachusetts during Marino’s period of employment.
On September 24, 2003, Marino and Dr. Prakash Rau, a personnel manager at Highland, signed a MOU pertaining to Marino’s employment at Highland.[2] The MOU contains a provision stating that the employment agreement between Marino and Highland entails a “[p]ersonal commitment of 5 years with annual salary review.” The parties dispute the meaning of this provision.
Marino argues that the provision is ambiguous and that a genuine factual dispute exists as to whether the provision created an employment contract for a term of five years, terminable only for cause. On the contrary, Highland maintains that the court can decide as a matter of law that the provision only created an at-will employment relationship. In particular, Highland argues that the phrase “personal commitment” within the contested provision only references a unilateral commitment on Marino’s part to be bound to Highland for five years.
Highland maintains that, even if the MOU did give rise to an employment relationship for term, it was justified in terminating Marino based on information it discovered that reflects negatively on Marino’s skill as a podiatrist and his ability to provide services for Highland.
DISCUSSION
Summary judgment shall be granted where there is no genuine issue of any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If a contract ... is unambiguous, its interpretation is a question of law that is appropriate for a judge to decide on summary judgment . . . Where, however, the contract . . . has terms that are ambiguous, uncertain, or equivocal in meaning,” the parties’ intentions may depend on disputed material facts. Commodore v. Genesis Health Ventures, Inc., 63 Mass.App.Ct. 57, 64 (2005), citing Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002).
Highland contends that the phrase “personal commitment” is clear and invariably references only the intention of a single party as a matter of law. See Goodndge v. Department of Public Health, 440 Mass. 309, 322 (2003) (defining “personal commitment” in the context of civil marriage); Commonwealth v. Soffen, 377 Mass. 443, 438 n.4 (1979) (defining “personal commitment” in the context of friendship or kinship). This court disagrees.
The provision at issue, “[pjersonal commitment of 5 years with annual salary review,” is fairly susceptible of more than one interpretation by reasonably intelligent persons, and is therefore ambiguous. See Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998). Here, the parties’ intentions under the MOU depend on the “particular language used when viewed against the background of other indicia of the parties’ intent.” Hastings Assoc. v. Local 369 Bldg. Fund, 42 Mass.App.Ct. 162, 172 (1997), citing Starr v. Fordham, 420 Mass. 178, 190 (1995). Because genuine issues *157 of material fact are in dispute, the resolution of this case is inappropriate for summary judgment.
ORDER
For the foregoing reasons, Highland’s Motion for Summary Judgment is DENIED.

This court does not reach this alternative argument.

The MOU also contains the following language: ‘‘[a] formal contract will be prepared and submitted to you to finalize this arrangement.” However, the parties concede that a final agreement was not prepared and for all intents and purposes, the MOU defines the employment relationship between Ma-rino and Highland.