The plaintiffs appeal from a judgment denying their motion for summary judgment on count IV of their complaint and granting judgment in the defendants' favor on that count. At issue is the interpretation of a view easement contained in a deed. All parties took the position below that the language of the easement was unambiguous. The motion judge agreed, and read the language in favor of defendant Oak Hill Investments, LLC (Oak Hill), whose interests are in the servient estate. Although we agree that the plaintiffs were not entitled to summary judgment in their favor, our de novo review of the language at issue leads us to conclude that it is ambiguous and that summary judgment should not have been entered in favor of the defendants. We accordingly vacate the judgment and remand the matter for further proceedings.
"When reviewing a grant of summary judgment we consider the pleadings, depositions, answers to interrogatories, and responses to requests for admission under Mass. R. Civ. P. 36, 365 Mass. 795 (1974), together with the affidavits, and ask if there is any genuine issue as to any material fact. See Mass. R. Civ. P. 56(c), as amended, 436 Mass. 1404 (2002). We view the evidence in the light most favorable to the nonmoving party.... Because our review is de novo, see Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011), no deference is accorded the decision of the judge in the trial court." Federal Natl. Mort. Assn. v. Hendricks, 463 Mass. 635, 637 (2012) (citations omitted).
The essential facts are undisputed. The plaintiffs own property abutting a parcel of land at 341A Madaket Road, Nantucket, which is burdened by a view easement contained in a deed. Specifically, 341A Madaket Road is:
"[s]ubject to a permanent and non-exclusive view easement which prohibits any and all structures and/or vegetation with a height greater than eight (8') feet from existing grade upon and over said [l]ot."
The only issue is whether this language prohibits construction of a deck and staircase, neither of which will exceed eight feet in height.[4] The plaintiffs moved for summary judgment claiming that the easement unambiguously prohibits construction of "any and all" structures, not only those that are taller than eight feet.
"Whether a contract is ambiguous is ... a question of law." Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 287 (2007). "A term is ambiguous only if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one." Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998). Here, our de novo review of the language leads us to conclude that the absence of a comma after the word "structures" combined with the use of the term "and/or" makes it unclear whether the eight-foot height restriction applies only to vegetation or to structures as well. See Hanson v. Bradley, 298 Mass. 371, 378 (1937) (term "and/or" is "vague expression"); DiFiore v. American Airlines, Inc., 454 Mass. 486, 495 (2009) (quotation omitted) (omission of final comma within string "may cause ambiguities"). When the language of the deed by itself "do[es] not reveal an answer to the question at issue, ... [t]his is the essence of ambiguity." President & Fellows of Harvard College v. PECO Energy Co., 57 Mass. App. Ct. 888, 895-896 (2003). For this reason, neither party was entitled to summary judgment in its favor.
Although the existence of an ambiguity is a question of law, the meaning of the ambiguous language is a question of fact that will need to be determined on remand. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002) (if contract "has terms that are ambiguous, uncertain, or equivocal in meaning, the intent of the parties is a question of fact to be determined at trial"). On remand, the judge[5] may consider extrinsic evidence as well as the language of the deed as a whole to arrive at a reasonable interpretation of the view easement's language. See Patterson v. Paul, 448 Mass. 658, 665 (2007).
Judgment vacated.

Originally, Oak Hill planned to also construct a swimming pool and outdoor shower, but those plans appear to have changed and at issue now are only the deck and the staircase.

This being a case in the nature of certiorari seeking a declaratory judgment, the trier of fact is the judge.