NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1207

SIMON ALLEN WENTWORTH

vs.

WHITCO PROPERTIES LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Pursuant to a verified complaint in the Superior Court, Simon Allen Wentworth sought declaratory relief and specific performance against Whitco Properties LLC (Whitco) for a property in Worcester.  The complaint alleged that Whitco breached the purchase and sale agreement (P&S) that the parties entered into in the fall of 2020.  After a jury-waived trial, the judge entered judgment for Whitco and dismissed Wentworth's complaint.  This appeal followed; we affirm.

Background.  Wentworth endeavored to buy a multifamily home in Worcester from Whitco. The parties executed a P&S for the property, which called for the closing to occur on October 15, 2020.  Paragraph 27 of the P&S required that all modifications

to the agreement be in writing.  Wentworth's title examination revealed a prior mortgage that had not been discharged.  As a result, the closing could not go forward on October 15, 2020.  The parties then signed a written agreement to extend the closing until October 22, 2020.[1]  The property did not close on October 22, 2020, and there was never a written, agreed upon closing date set thereafter.

In the months following October 2020, the parties continued to work together to resolve the issue of the undischarged mortgage.  On March 5, 2021, the mortgage discharge was recorded.  Upon learning this, Wentworth's attorney emailed Whitco's attorney to request that the parties set a closing date of April 12, 2021.  In response, Whitco's attorney stated that Whitco was no longer interested in selling the property and set in motion the return of Wentworth's deposit and escrow funds.  Wentworth filed suit.

Discussion.  At bottom, a P&S is a contract.  "The interpretation of a contract is a question of law, which we review de novo."  James B. Nutter & Co. v. Estate of Murphy, 478 Mass. 664, 667 (2018).  "When the words of a contract are clear, they control, and we must construe them according to their plain meaning, in the context of the contract as a whole."  Lieber v.

---

[1] The extension request did not state a reason, and it was not expressly linked to paragraph 4 of the buyer's rider.

President & Fellows of Harvard College (No. 2), 488 Mass. 816, 823 (2022).  A party's own understanding or intent regarding the meaning of a contract is immaterial.  See Chambers v. Gold Medal Bakery, Inc., 83 Mass. App. Ct. 234, 245 (2013).  "A [contract] term is ambiguous only if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one."  Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998).

"When reviewing the trial judge's decision, we accept his findings of fact as true unless they are clearly erroneous, and we give due regard to the judge's assessment of the witnesses' credibility."  Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 306 (2005), citing Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996).  A finding of fact is clearly erroneous "only when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed" (quotations and citation omitted).  Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997).  Critically here, "[i]t is the appellant's burden to show that a finding of fact is clearly erroneous."  Id.

Wentworth claims that Whitco breached the P&S by refusing to sell him the property after the encumbering mortgage was discharged in March 2021.  Wentworth sought a declaration to

3

that effect and specific performance.  Wentworth is not entitled to relief as, on the facts the judge found, there was no breach.

As the judge properly held, Whitco as the seller was obligated under the P&S to deliver at closing a good and clear record and a marketable title.  The undischarged mortgage of which the seller and buyer were both aware prevented Whitco from delivering such a title.  See Hastings v. Gay, 55 Mass. App. Ct. 157, 161-162 (2002).  The deadline for performance under the P&S, as extended in writing, was October 22, 2020.  The closing did not occur on that date, and neither party requested in writing a further extension with a date certain for closing.

As stated above, paragraph 27 required that any changes to the agreement be made in writing and signed by both parties.  Although such a provision is capable of being waived by words or conduct, see Simpson v. Vasiliou, 29 Mass. App. Ct. 699, 701-702 (1991), the judge found, as a matter of fact, that Whitco did not waive this requirement.  This conclusion is supported by the evidence that the only modification to the P&S, i.e., the parties' course of conduct, was done in a writing signed by the parties' representatives.  See Psychemedics Corp. v. Boston, 486 Mass. 724, 745 n.26 (2021).  Although there is evidence from which the judge might have reached a different conclusion,[2]

---

[2] For example, there was evidence that Whitco did not return Wentworth's deposit and continued, through its attorney, to work

4

Wentworth does not argue that the judge's finding was clearly erroneous. Accordingly, any claim related to the applicability of paragraph 27 is waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Rather, Wentworth claims that paragraph 4 of the "buyer's rider" to the P&S required the seller to use reasonable efforts to cure any title defects and restricted the right of termination solely to the buyer, with no associated time limitation.[3] The judge properly rejected this claim.

Notwithstanding the expiration of the P&S on October 22, 2020, the judge also concluded that when an agreement includes no outside time for performance, performance must be made within a reasonable time. "What is a reasonable period of time depends on the nature of the contract, the probable intention of the parties, and the attendant circumstances." Prism Group, Inc. v. Slingshot Techs. Corp., 104 Mass. App. Ct. 785, 796 (2024), quoting Plymouth Port, Inc. v. Smith, 26 Mass. App. Ct. 572, 575 (1988).

The judge determined, based on the P&S and the financing commitment documents, that the parties intended that this matter

_____

collaboratively with Wentworth's attorney to track down and record the errant mortgage discharge.

[3] Wentworth couples this provision with the fact that the parties worked together to discharge the encumbering mortgage, which he claims evidenced an intent to waive paragraph 27.

close in 2020.  Included in the P&S are several provisions that allow for thirty-day extensions, and the financing commitment letter obtained by the buyer contained a 120-day commitment as of September 2020.  Because the parties disputed whether the contract was still in effect after October 2020, the reasonableness of the delay was a question of fact.  Cf. Middleborough v. Middleborough Gas & Elec. Dep't, 47 Mass. App. Ct. 655, 658 (1999).  To the extent that Wentworth argues that the judge's decision that a five-month extension of the parties' obligations without an agreed upon closing date was not reasonable given the parties' intentions and the circumstances underlying the P&S, Wentworth has not carried that burden.

Judgment affirmed.

By the Court (Vuono, Meade & Hand, JJ.[4]),

Clerk

Entered:  January 7, 2025.

---

[4] The panelists are listed in order of seniority.